442

BEN BIMBERG & Co., INC., and Others, Plaintiffs, *v.* UNITY COAT & APRON CO., INC., Defendant.*

Supreme Court, New York County, May 3, 1933.

*Murray A. Myerson,* for the plaintiffs.

*Moos, Nathan, Imbrey & Levine,* for the defendant.

Supreme Court, New York County, May 3, 1933.

---

* Affd., 240 App. Div. 959. See, also, 150 Misc. 836; 151 id. 442.
† See, also, 150 Misc. 836; 151 id. 442.

*Murray A. Meyerson,* for the plaintiffs.

*Moos, Nathan, Imbrey & Levine,* for the defendant.

SCHMUCK, J.   Summary judgment can only be granted in accordance with rules 113 and 114 of the Rules of Civil Practice.   If these rules, particularly rule 113, do not fit or cover the cause, this relief cannot be granted.   As amended, rule 113 permits the granting of summary judgment in certain equity actions clearly specified and unmistakably indicated.   As regards an action for an accounting, subdivision 8 provides that summary judgment may be granted in an action for an accounting arising on a written contract, sealed or not sealed.   Indisputably, the accounting sought by these plaintiffs does not arise or flow from a written contract.   Nowhere in the complaint is the claim made that a written contract exists between the parties to this action.   Rule 113 cannot, under these circumstances, afford the plaintiffs any solace.

Motion denied.